The People of the State of New York, Respondent, v. William Bertlini, Appellant.— Motion granted. Present — Jenks, P. J., Thomas, Carr, Mills and Putnam, JJ.

The People of the State of New York, Respondent, v. James Heffron, Appellant.— Motion granted. Present — Jenks, P. J., Thomas, Carr and Mills, JJ.; Rich, J., not voting.

George W. Saul, Respondent, v. Mills W. Barse, Appellant.— Motion granted, without costs. Present — Jenks, P. J., Thomas, Carr, Stapleton and Mills, JJ.

John H. Berry and William E. Jackson, Appellants, v. Leo M. Klein and Samuel Jackson, Copartners, etc., Respondents.— Order affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

George D. Brown, Appellant, Ralph Brown, Receiver, Appellant, v. Purdy Construction Company and Others, Defendants. William S. Finberg and International Heater Company, Respondents.— Order of the County Court of Kings county modified by allowing and settling the receiver's accounts as filed, and directing that the balance in the receiver's hands, after payment of his legal fees and charges, and attorney's fees, as provided in the order, be paid to the plaintiff in this action as assignee of Purdy Construction Company; and as so modified order affirmed, with ten dollars costs and disbursements to the appellants. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

Rose M. Colligan, as Administratrix, etc., of James H. Colligan, Deceased, Respondent, v. The City of New York, Appellant.— Judgment modified by deducting the amount of the extra allowance, and, as modified, it and the order denying the motion for a new trial are affirmed, without costs. Order granting extra allowance reversed and motion denied. Jenks, P. J., Stapleton, Mills, Rich and Putnam, JJ., concurred.

William N. Emery, Appellant, v. William P. Langevin and Hugh J. McGinley, Respondents.— This court is of opinion that there is sufficient evidence in the case to require submission to the jury of the question of false and fraudulent representations by defendant McGinley as an inducing cause for the contract between plaintiff and defendant Langevin. As McGinley was the agent of Langevin, and the latter took the fruits of McGinley's activities, the principal is liable for whatever fraud the agent may have perpetrated in the transaction. (*Taylor* v. *Commercial Bank*, 174 N. Y. 181; *Mayer* v. *Dean*, 115 id. 556, 561.) The judgment and order are, therefore, reversed on reargument and a new trial is granted, costs to abide the event. Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred.

John B. Gaul, Respondent, v. F. I. A. T., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ.

Rose Gaynor, Respondent, v. Mary Quinn Gartland, Appellant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.